IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY MACE BARCLAY,

    Petitioner,                    No. CIV S-01-1596 LKK GGH P

    vs.

ANA RAMIREZ PALMER, et al.,

    Respondents.               ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 11, 2006, judgment was entered in this court denying the petition. On March 8, 2006, petitioner filed a notice of appeal. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R .App. P. 22(b).

        Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

        The timely filing of a notice of appeal is a jurisdictional requirement. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. See Fed. R. App. P. 4(a). Petitioner's notice of appeal

1  in this action was filed more than thirty days after entry of judgment.

2        The United States Court of Appeals for the Ninth Circuit has held that the
3  issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if
4  jurisdiction is not proper in that court. <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978).
5  The rationale of <u>Hayward</u> applies with equal force to a certificate of appealability. For these
6  reasons, the court declines to issue a certificate of appealability.

7        IT IS SO ORDERED.

8  DATED: March 28, 2006.

10        /s/Lawrence K. Karlton
      UNITED STATES DISTRICT JUDGE